IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>PATRICK CAPLE | CRIMINAL ACTION FILE NO.<br><br>1:16-CR-427-AT-JKL-3 |

**ORDER AND NON-FINAL REPORT AND RECOMMENDATION**

Pending before the Court are Defendant Patrick Caple's Motion for Bill of Particulars [Doc. 520] and Motion to Suppress Statements and Motion for *Jackson-Denno* Hearing [Doc. 521]. For the following reasons, the Court **DENIES** the motion for a bill of particulars and **RECOMMENDS** that the motion to suppress be **DENIED** as withdrawn.[1]

**I.   SUMMARY OF CHARGES AGAINST CAPLE**

Caple is charged in this case with the federal crimes of Racketeer Influenced and Corrupt Organizations Act ("RICO") conspiracy (Count 1), two counts of Violent Crimes in Aid of Racketeering Activity ("VICAR") murder conspiracy

---

[1] Counsel for Caple has advised the Court that he does not intend to pursue the motion to suppress statements. Accordingly, it is **RECOMMENDED** that the motion be **DENIED** as withdrawn.

(Counts 4 and 5), and conspiracy to distribute controlled substances (Count 8). [Doc. 33.] In Count 1, the superseding indictment alleges that Caple was a member of the Nine Trey Gangsters, a street gang with members in New York, Georgia, and other southeastern states. [*Id.* at 3-4, 14.] The gang allegedly traces its origins to the United Blood Nation, a gang alliance that formed at Rikers Island in New York in the early 1990s that is also loosely affiliated with the Bloods gang of Los Angeles. [*Id.* at 3.] The superseding indictment alleges that the Nine Trey Gangsters operated as a racketeering enterprise as defined by 18 U.S.C. § 1961(4). [*Id.* at 12.]

As to Caple's personal participation in the RICO conspiracy, the superseding indictment alleges that on or about February 15, 2016, he allegedly participated in a gang meeting with codefendants Gordon Evans, Gary Sartor, and Tyrone Clark via conference call, and that during the call Evans allegedly told the gang's leaders that they "are responsible for the actions of the others underneath you." (Overt Act 9). [Doc. 33 at 20.]

It is also alleged that in the Spring of 2016, Caple, Sartor, and Evans ordered fellow gang member J.L. to murder the family of D.M. on the belief that D.M. was cooperating with law enforcement regarding a murder that Evans allegedly ordered

from prison (Overt Act 11).  [Doc. 33 at 21; *see also id.* at 20 (discussing alleged plot to murder).]  On or about June 10, 2016, D.S., A.H., A.A., L.F., T.B., J.C., and D.D. attempted to kill J.L. on orders from Caple and Evans by slashing J.L.'s face multiple times and attempting to slit his throat, in retaliation for J.L.'s refusal to kill D.M.'s family and because J.L. insulted Evans (Overt Act 12).  [*Id.* at 21.]

The superseding indictment also alleges that on or about August 26, 2016, Caple and Sartor allegedly possessed Xanax and marijuana for distribution (Overt Act 32).  [Doc. 33 at 24.]  Later, on or about November 4, 2016, Caple allegedly "orchestrated sending money to [codefendant Joseph Riley] via Western Union transfers to pay for Xanax" (Overt Act 119).  [*Id.*at 38].  Also, it is alleged that on or about and between November 4, 2016, and November 5, 2016, Caple, Riley, and codefendant Travis Todd allegedly possessed Xanax for distribution (Overt Act 120).  [*Id.* at 39.]

The superseding indictment also contains a notice of enhanced sentencing as to Caple.  Specifically, it is alleged that Caple and others joined and remained in the RICO conspiracy knowing and agreeing that members of the enterprise would engage in acts in involving murder.  [Doc. 33 at 41.]

The conspiracy to commit VICAR murder charges in Counts 4 and 5 are based on Caple's alleged conduct in 2016, where he and others allegedly conspired to murder D.M. and J.L., for the purpose of maintaining and increasing position in the Nine Trey Gangsters. [Doc. 33 at 44-45.]

In Count 8, the superseding indictment alleges that beginning in at least 2016, Caple and others engaged in a conspiracy to distribute and possess with intent to distribute a controlled substance, namely:

> (1) at least five hundred (500) grams of a mixture and substance containing a detectable amount of methamphetamine, a Schedule II controlled substance, (2) marijuana, a Schedule I controlled substance, (3) Hydrocodone, a Schedule II controlled substance, (4) Alprazolam ("Xanax"), a Schedule IV controlled substance, (5) Promethazine Hydrochloride with Codeine, a Schedule V controlled substance, and (6) a mixture and substance containing a detectable amount of heroin, a Schedule I controlled substance . . . .

[Doc. 33 at 47.]

## II.   MOTION FOR BILL OF PARTICULARS

In his motion for bill of particulars, Caple makes twelve requests for information, which for purposes of discussion, the Court groups into the following five categories.

> 1. Requests for detail concerning Caple involvement in relation to the predicate RICO offenses identifies in Count 1, including: "Caple's knowledge or participation was regarding each of the alleged predicate offenses, and . . . any facts or allegations linking

Defendant Caple to those offenses"; "how and when Defendant Caple agreed that a conspirator would commit any act in the conduct of the affairs of the enterprise, and . . . any evidence supporting those allegations"; "how any alleged act of racketeering activity benefitted the enterprise, and how [Defendant Caple] knew of, approved of, or participated in any act of racketeering activity, and . . . any evidence supporting those allegations."  [Doc. 520 at 2-3 (requests 1-3).]

2. Requests for detail concerning overt acts, including any overt acts in which Caple allegedly participated and the evidence supporting Overt Acts 11, 12, 32, and 120 in the superseding indictment.  [Doc. 520 at 3-4 (requests 4-8).

3. A request for "all evidence supporting" the allegations in the notice of enhanced sentencing, including that the government identify "specific evidence of [his] knowledge or participation regarding each murder, including names, dates, locations, etc."  [Doc. 520 at 4-5 (request 9).]

4. Requests that the government "identify specifically Defendant Caple's knowledge and participation" in the VICAR murder conspiracies alleged in Counts 4 and 5, that it explain how the alleged conspiracies allowed Caple to maintain or increase his position in the Nine Trey Gangsters, and that it "identify all evidence supporting this allegation."  [Doc. 520 at 7 (requests 10-11).]

5. A request that the government "identify specifically" Caple's knowledge and participation in the conspiracy alleged in Count 8 to "distribute and possess with intent to distribute a controlled substance" and to "identify all evidence supporting this allegation."  [Doc. 520 at 5 (request 12).]

The government responds that Caple's motion is an impermissible attempt to compel the government to disclose its theory of the case, the evidence it intends to use at trial, and the identities of witnesses it intends to call at trial.  [Doc. 545 at

3.] The government also points out that, as to the RICO conspiracy charge, it is not required to prove any overt acts. [*Id.*] The government has also responded to each of Caples's requests, which the Court discusses in context below. [*See id.* at 11-15.]

Federal Rule of Criminal Procedure 7(f) authorizes the Court to direct the government to file a bill of particulars. "The purpose of a bill of particulars is to inform the defendant of the charge against him with sufficient precision to allow him to prepare his defense, to minimize surprise at trial, and to enable him to plead double jeopardy in the event of a later prosecution for the same offense." *United States v. Davis*, 854 F.3d 1276, 1293 (11th Cir.) (quotation omitted), *cert. denied*, 138 S. Ct. 379 (2017). General discovery is not a valid reason for seeking a bill of particulars, *United States v. Colson*, 662 F.2d 1389, 1391 (11th Cir. 1981), nor is it "'designed to compel the government to [provide a] detailed exposition of its evidence or to explain the legal theories upon which it intends to rely at trial,'" *United States v. Roberts*, 174 F. App'x 475, 477 (11th Cir. 2006) (quoting *United States v. Burgin*, 621 F.2d 1352, 1359 (5th Cir. 1980)). Further, "the defendant [is not] entitled to a bill of particulars with respect to information which is already available through other sources such as the indictment or discovery and

6

inspection." *United States v. Rosenthal*, 793 F.2d 1214, 1227 (11th Cir.), *modified on other grounds by*, 801 F.2d 378 (11th Cir. 1986). "The defendant bears the burden of showing that the information requested is necessary and that he will be prejudiced without it so as to justify granting a bill of particulars," and as a result, the "mere statement that the defendant will be prejudiced . . . is insufficient." *United States v. Reddy*, No. 1:09-CR-0483-ODE-AJB, 2010 WL 3210842, at *5 (N.D. Ga. Apr. 5, 2010) (citing *United States v. Barnes*, 158 F.3d 662, 666 (2d Cir. 1998)), *report and recommendation adopted in pertinent part*, 2010 WL 3211029 (N.D. Ga. Aug. 11, 2010); *see also United States v. Blitch*, No. 5:08-CR-40(HL), 2009 WL 973359, at *5 (M.D. Ga. Apr. 9, 2009) (citing *United States v. Thevis*, 474 F. Supp. 117, 124 (N.D. Ga. 1979)). The grant or denial of a bill of particulars rests within the sound discretion of the trial court. *United States v. Draine*, 811 F.2d 1419, 1421 (11th Cir. 1987); *Colson*, 662 F.2d at 1391.

Turning to Caple's first category of requests, which seek detail about Caple's knowledge or participation in each of the predicate RICO offenses listed in the superseding indictment, the Court finds those requests seek evidentiary detail, which in light of the information already set forth in the indictment, is not appropriate in a bill of particulars. As discussed above, the indictment alleges that

7

Caple was involved in drug trafficking and conspiracy to commit murder in furtherance of the gang's activities. The government additionally states in its response that RICO conspiracy may be proven by showing that the defendant participated in the enterprise by agreeing that a conspirator would commit two racketeering acts. [*See* Doc. 545 at 11-12.] Because Caple held a position of leadership within the Nine Trey Gangsters and that given the structure and rules of the gang, the government explains, he knew that conspirators would commit two racketeering acts. [*Id.* at 12.] Moreover, as the government points out, the government has produced discovery that contains much of the information about the predicate acts that Caple seeks. Accordingly, the Court declines to direct the government to provide a bill of particulars for the information requested in Caple's first category of requests. *See United States v. Sadiki-Yisrael,* No. 1:16-CR145-TWT-JKL-3, 2018 WL 5091632, at *4 (N.D. Ga. Jan. 18, 2018) (denying motion for bill of particulars seeking, *inter alia*, specific information regarding predicate acts in RICO conspiracy charge), *report and recommendation adopted*, 2018 WL 5083882 (N.D. Ga. Oct. 18, 2018).

Caple's second category of requests, which seek detail concerning overt acts, is similarly due to be denied because the indictment and the government's response

8

brief provide sufficient detail to inform Caple of the charges against him. [*See, e.g.*, Doc. 545 at 12-13 (providing additional information about overt acts).] In addition, those requests are unsuitable for a bill of particulars because overt acts are not elements of a RICO conspiracy. *See Salinas v. United States*, 522 U.S. 52, 64 (1997) ("The RICO conspiracy statute, § 1962(d), broadened conspiracy coverage by omitting the requirement of an overt act . . . ."); *see also United States v. Henley*, No. 1:16-cr-151-LMM-JFK, 2017 WL 2952821, at *16 (N.D. Ga. May 19, 2017) (denying motion for bill of particulars seeking details concerning overt acts taken in furtherance of extortion and drug conspiracies), *report and recommendation adopted*, 2017 WL 2918954 (N.D. Ga. July 7, 2017); *United States v. Goldenshtein*, No. 1:10-cr-323-TCB-RGV, 2011 WL 1321573, at *13 (N.D. Ga. Feb. 22, 2011) (noting, in a drug conspiracy case, that "[a] bill of particulars cannot be used to ferret out additional overt acts not listed in the indictment, as long as the indictment alleges the required number of overt acts under the statute being charged"), *report and recommendation adopted*, 2011 WL 1257147 (N.D. Ga. Apr. 1, 2011); *United States v. Leiva-Portillo*, No. 1:06-CR-350-WSD, 2007 WL 1706351, at *15 (N.D. Ga. June 12, 2007) ("Case law is also clear that the Government is not required to identify . . . specific acts or overt acts

9

done in furtherance of a charged conspiracy by particular defendants."), *report and recommendation adopted*, *id.* at *1.

As to the third category—Caple's request for details concerning the sentencing enhancement provision—the indictment contains detail regarding the alleged conspiracies to murder D.M. and J.L. In addition, the government has explained that with respect to the conspiracy to murder D.M., "the government believes that Caple helped arrange for J.L. to murder D.M.'s family, and along with Sartor gave the order that J.L. should do so." [Doc. 545 at 14.] Likewise, with regard to the conspiracy to murder J.L., the government explains that it "believes that Caple and Sartor arranged for J.L. to be murdered after J.L. refused to murder D.M.'s family." [*Id.*] The Court is satisfied that, with respect to the notice of enhanced sentencing, the indictment and government's response brief supply sufficient information to enable him to understand the government's theory. Additional detail is not warranted under Rule 7(b).

The fourth category of requests, in which Caple seeks additional information concerning the VICAR murder conspiracies alleged in Counts 4 and 5, is also due to be denied, as the superseding indictment and the government's response provide sufficient detail.

Turning finally to the request for detail about the conspiracy alleged in Count 8, the government refers Caple to Overt Acts 32 and 120, which provide more information about his specific role in the conspiracy. [Doc. 545 at 14-15.] The government has also pointed Caple to evidence produced in discovery that supports those overt acts. [*See id.* at 12-13.] Caple has failed to carry his burden to demonstrate that additional details are necessary to enable him to prepare his defense, avoid surprise, or plead double jeopardy in a subsequent proceeding.

In sum, the operative indictment in this case provides Caple with enough information to allow him to prepare his defenses, minimize surprise at trial, and enable him to plead double jeopardy if later prosecuted for the same offense. Accordingly, the motion for a bill of particulars [Doc. 520] is **DENIED**.

### III. CONCLUSION

For the foregoing reasons, it is **ORDERED** that Caple's Motion for Bill of Particulars [Doc. 520] is **DENIED**. It is also **RECOMMENDED** that Caple's Motion to Suppress Statements and Motion for *Jackson-Denno* Hearing [Doc. 521] be **DENIED** as abandoned.

I have now addressed all referred pretrial matters relating to Defendant Caple and have not been advised of any impediments to the scheduling of a trial.

Accordingly, this case is **CERTIFIED READY FOR TRIAL** as to this defendant.[2]

IT IS SO ORDERED AND RECOMMENDED this 29th day of August 2019.

_____
JOHN K. LARKINS III
United States Magistrate Judge

---

[2] Since matters pertaining to Caple's codefendants still are pending, the District Court is not required to place his case on the trial calendar at this time. 18 U.S.C. § 3161(h)(6).